IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MARKEL LATRAE BASS,**

    Petitioner,
v.                                            Case No. 5:19cv141-MCR/CAS

**MARK S. INCH, Secretary,**
**Florida Department of Corrections,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On May 17, 2019, Petitioner Markel Latrae Bass, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After direction from this Court, ECF No. 3, Bass filed an amended § 2254 petition, ECF No. 6 at 4-25. On October 29, 2019, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 8. Petitioner has filed a reply. ECF No. 9.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be

dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Markel Latrae Bass indicates he challenges his conviction and sentence entered June 12, 2012, by the Fourteenth Judicial Circuit, Bay County, Florida, following a jury trial in case number 11-CF-3257 in connection with events that occurred October 8, 2011.  ECF No. 6 at 5; ECF No. 8 at 2-3; Ex. A at 25.[1]  In particular, on June 13, 2012, the jury found Bass: (1) guilty as charged of second degree murder; and; (2) guilty as charged of robbery with a firearm.  Ex. A at 84.  In addition, the jury specifically found that, during the commission of the offense(s), Bass actually possessed a firearm, he discharged the firearm, and, as a result of the discharge, the victim died.  *Id.* at 85.  The trial court adjudicated him guilty and sentenced him to concurrent terms of life in prison on both counts.  Ex. A at 92-100, Ex. E at 318-19.

Bass appealed his conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D12-3284.  Ex. A at 108-09,

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No.8.

122.  Through counsel, Bass filed an initial brief raising three points.  Ex. I.  The State filed an answer brief.  Ex. J.  Bass, through counsel, filed a reply.  Ex. K.  On August 20, 2014, the First DCA issued a written opinion affirming on all issues.  Ex. L; <u>Bass v. State</u>, 147 So. 3d 1033 (Fla. 1st DCA 2014).  By order on October 6, 2014, the court denied Bass's motion for rehearing or certification of a question of great public importance.  Ex. M.  The mandate issued October 22, 2014.  Ex. L.

Bass filed a notice to invoke the discretionary jurisdiction of the Florida Supreme Court.  Ex. N.  Bass and the State filed jurisdictional briefs.  Exs. O, P.  On February 27, 2015, the Florida Supreme Court declined to accept jurisdiction and denied the petition for review.  Ex. Q; <u>Bass v. State</u>, 163 So. 3d 507 (Fla. 2015).  Bass indicates he did not seek certiorari review in the U.S. Supreme Court.  ECF No. 6 at 7.

On April 3, 2015, Bass filed a pro se motion for modification of his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c).  Ex. R at 1-7.  By order on July 1, 2015, the trial court denied the motion.  Ex. R at 17.

On May 22, 2015, Bass filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  Ex. R at 8-16.  By order on July 1, 2015, the trial court denied the motion.  Ex. R at

18-46. Bass appealed to the First DCA, where the case was assigned number 1D15-3626. On October 2, 2015, the First DCA affirmed the case per curiam without a written opinion. Bass v. State, 178 So. 3d 397 (Fla. 1st DCA 2015). The mandate issued December 1, 2015. Ex. S.

On March 3, 2016, Bass filed a pro se petition for writ of habeas corpus in the First DCA, assigned case number 1D14-3742, alleging ineffective assistance of appellate counsel. Ex. U. On March 31, 2016, the First DCA denied the petition on the merits without discussion. Ex. V; Bass v. State, 187 So. 3d 958 (Fla. 1st DCA 2016).

On May 26, 2016, Bass filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising four grounds. Ex. W at 1-20. By order on June 15, 2016, the state post-conviction court summarily denied the fourth ground and ordered the State to respond to the other three grounds. *Id*. at 21-43. The State filed its response on August 1, 2016. Ex. W at 44-200, Ex. X at 201-55. Bass subsequently filed an amended Rule 3.850 motion, with two additional grounds. Ex. X at 260-84; see Ex. X at 256-59, 285-301. By order on September 23, 2016, the circuit court summarily denied Grounds 1, 2, 3, and 6. Ex. X at 311-85. The court found Ground 5 facially sufficient and directed the State to respond. *Id*. The State filed a response on October 10, 2016. Ex. Y at

391-414.  By order rendered November 21, 2016, the circuit court denied Ground 5.  Ex. Y at 432-543.

In the meantime, on November 16, 2016, Bass filed a motion seeking leave to amend, Ex. Y at 553-56, along with a second amended Rule 3.850 motion, raising two additional grounds (7 and 8).  Ex. Y at 544-552.  By order on December 9, 2016, the circuit court denied the motion seeking leave to amend and treated the second amended Rule 3.850 motion as a successive motion.  Ex. Y at 561-62.  The court addressed the successive motion on the merits and denied it by order rendered December 12, 2016.  Ex. Z at 563-67 (exclusive of attachments).

Bass appealed the denial of post-conviction relief to the First DCA and filed an initial brief in case number 1D17-156.  Ex. AA.  The State filed a notice that it would not file an answer brief.  Ex. BB.  On June 7, 2018, the First DCA per curiam affirmed the case without a written opinion.  Ex. CC; Bass v. State, 250 So. 3d 1 (Fla. 1st DCA 2018) (table).  The mandate issued August 16, 2018, following the court's denial of Bass's motions for rehearing and rehearing en banc.  Ex. CC; see Ex. DD.

As indicated above, on May 17, 2019, Bass filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.  ECF No. 1.  He subsequently filed an amended § 2254 petition.  ECF No. 6 at 4-25.

Respondent filed a motion to dismiss the petition, with exhibits.  ECF No. 8.  Bass has filed a reply.  ECF No. 9.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.  Id. § 2244(d)(1)(A).  The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.  Id. § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, Bass appealed his conviction and sentence, and the First DCA per curiam affirmed the case, with a written opinion, on August 20, 2014.  Ex. L.  He sought to invoke the discretionary jurisdiction of the Florida Supreme Court; however, on February 27, 2015, that court declined to accept jurisdiction and denied the petition for review, indicating that no motion for rehearing would be entertained.  Ex. Q.  Therefore, Bass's conviction became final for federal habeas purposes on May 28, 2015,

upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court.  *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002).  Bass had one year thereafter, or until May 28, 2016, to file his federal habeas petition, absent tolling activity.  *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

As indicated above, however, prior to the start of his AEDPA clock, Bass filed pro se motions pursuant to Rules 3.800(a) and 3.800(c).  Ex. R at 1-7, 8-16.  The state trial court denied these motions on July 1, 2015.  Ex. R at 17, 18-46.  Bass appealed the denial of the Rule 3.800(a) motion and the First DCA affirmed the case on October 2, 2015, and issued the mandate on December 1, 2015.  Ex. S.

Bass's AEDPA clock then began to run on December 2, 2015, and ran for **92 days** until March 3, 2016, when he filed his petition for writ of habeas corpus in the First DCA.  Ex. U; *see* Fed. R. Civ. P. R. 6(a)(1)(A)-(C) (providing that, in computing time, "the day of the event that triggers the period" is excluded, every day in between is counted, and "the last day of the period" is included).  The AEDPA clock restarted on April 16, 2016, upon expiration of the time in which Bass could seek rehearing following the First DCA's denial of his petition.  *See* Fla. R. App. P. 9.330(a).  The clock ran for another **41 days** until May 26, 2016, when Bass filed his Rule 3.850 post-conviction motion in state court.  Ex. W at 1-20.  At this point 133 days of Bass's AEDPA clock had run and his time remained tolled until August 16, 2018, when the First DCA issued the mandate in the appeal affirming the denial of post-conviction relief.  Ex. CC.  The AEDPA clock resumed running on August 17, 2018, and ran untolled for another **232** days, until it expired on Friday, April 5, 2019 (92+41+232=365).  Alternatively, allowing that Bass's AEDPA filing period may be 366 days, because the initial calculation of his one-year period included a leap day, February 29, 2016, his AEDPA clock expired on Saturday, April 6, 2019, and he would have had until Monday, April 8, 2019, to file his § 2254 petition.  *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that, in computing time,

Case 5:19-cv-00141-MCR-CAS   Document 10   Filed 12/27/19   Page 9 of 13

Page 9 of 13

"if the last day [of a time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"); Henderson v. Sec'y, Fla. Dep't of Corr., No. 5:15cv92-WS/GRJ, 2016 WL 4154690 at n. 2 ("As Respondent points out, Petitioner's filing period is 366 days because it is calculated using the anniversary date of the triggering event. Petitioner's conviction became final in February 2012, and 2012 was a leap year. *See* Ferreira [, 494 F.3d at 1289 n. 1]; United States v. Hurst, 322 F. 3d 1256, 1260-61 (10th Cir. 2003).").

As indicated above, Bass filed his § 2254 petition in this Court on May 17, 2019. ECF No. 1. At this point, however, his AEDPA one-year limitations period had expired. His § 2254 petition is therefore untimely, as argued by Respondent.

In his reply, Bass asserts he is entitled to equitable tolling. ECF No. 9. In particular, he asserts his § 2254 petition would have been filed timely "had it not been for the Hurricane Michael and delays that transpired within the [D]epartment of Corrections surrounding the hurricane." *Id*. at 1. Hurricane Michael hit the Florida panhandle in October 2018. As indicated above, Bass's AEDPA clock did not expire until April 5, 2019. Nevertheless, Bass argues that because of prison transfers due to the

hurricane and because he was without his legal papers until January 2019, he "lost months of preparation" and could not timely file his petition. ECF No. 9 at 3.

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). As Bass acknowledges, *see* ECF No. 9 at 2, "[t]he petitioner bears the burden of showing that equitable tolling is warranted" and "[c]onclusory allegations may be insufficient to support a claim that equitable tolling is appropriate." Paulcin v. McDonough, 259 F. App'x 211, 212 (11th Cir. 2007).

Petitioner Bass has not met his burden of showing equitable tolling is warranted. The Eleventh Circuit has explained (in an unpublished opinion) that "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." Paulcin, 259 F. App'x at 213 (citing Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004)); *see* Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000). Moreover, even allowing that Bass may not have been able to file his § 2254 petition for a brief period

following Hurricane Michael, Bass indicates he received his legal papers in January 2019.  *See* ECF No. 9 at 3.  At this point, he still had almost three months before his AEDPA deadline expired.

In addition, to the extent Bass asserts his filing of a Rule 3.800(a) motion on May 22, 2015, supports his equitable tolling claim, such should be rejected.  *See* ECF No. 9 at 4.  As indicated above, the trial court denied this motion on July 1, 2015, Bass appealed, the First DCA affirmed the case, and the mandate issued December 1, 2015.  *See* Ex. R at 17, 18-46; Ex. S.  Bass's AEDPA clock then started on December 2, 2015.  It expired, however, in early April 2019, several weeks before he filed his § 2254 petition.

## Concluson

Accordingly, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 8, be **GRANTED**, and Petitioner's amended § 2254 petition, ECF No. 6 at 4-25, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 8) be **GRANTED** and the amended § 2254 petition (ECF No. 6 at 4-25) be **DISMISSED as untimely.** It is further

**RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 27, 2019.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**